IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Richard Morris, | ) | Case No.: 05-00386-BGC-7 |
| | ) | |
| Debtor. | ) | |
| | | |
| Penny Morris, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 05-00062 |
| | ) | |
| Richard Morris, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The matter before the Court is the Complaint to Determine Dischargeability filed on March 29, 2005, by the Plaintiff. After notice, a pre-trial conference was held on May 13, 2005. Appearing were the Plaintiff Penny Morris; and Paul Phillips, the attorney for the Defendant. The hearing was continued to July 13, 2005.

In the interim, the Defendant filed an Answer on May 12, 2005. On June 14, 2005, the Defendant's attorney filed a Motion to Withdraw.

The July 13, 2005, hearing was held on the Complaint to Determine Dischargeability and on the Motion to Withdraw. Appearing at the hearing were Ms. Morris; Mr. Morris and Mr. Phillips. On July 14, 2005, the Court entered an order scheduling a trial on the Complaint for September 8, 2005, and granting Mr. Phillips' Motion to Withdraw.

On July 27, 2005, the Plaintiff contacted the Court and requested a continuance of the September 8, 2005, trial. By agreement of the parties, the September 8, 2005, trial was continued to September 29, 2005.

The case was called for trial on September 29, 2005. However, the Court recognized that before the trial could be held, the parties needed to narrow the issues to be decided by the Court. The Court and the parties reviewed the divorce decree and were able to narrow the issues.

The trial was held on November 3, 2005. Appearing were Penny Morris, the plaintiff; and Richard Morris, the defendant. Neither was represented by counsel. The matter was submitted on the testimony of Ms. Morris and Mr. Morris, the pleadings, exhibits, and arguments.

## I. The Complaint

Ms. Morris filed a letter with the Court on March 29, 2005. That letter read:

United States Bankruptcy Court
Northern District of Alabama, Southern Division:

The purpose of this letter is to file a complaint objecting to discharge of the debtor on any and all debts owed to me by judgement of court order. The debts he is attempting to discharge are all covered in the settlement of our divorce. They are just debts and he should be held accountable for incurring them.

He is also asking to discharge the $2,500.00 he was ordered to pay my attorney. Had he not been in contempt of court during this whole process and left the state, my attorney fees would not have been so high. I have already paid my attorney over $5,000.00.

Mr. Morris had three different attorneys over the court of our divorce. I paid for his first one and the other two asked permission to be dismissed due to his failure to appear.

I am requesting a hearing before this Court to settle this matter.

Respectfully,

Penny Morris

Proceeding No. 1.

Ms. Morris filed a second letter on November 3, 2005. That letter read:

United Bankruptcy Court
North District of Alabama, Southern Division:

I respectfully petition the Court for reimbursement of the following:

1. for 3 of the 4 days spent in Court for lost wages in the amount of $600.00 - pay rate $25.23/hr.

2. $98.82 for copies of all exhibits required for these proceedings.

2

Case 05-00062-BGC   Doc 29   Filed 03/20/06   Entered 03/20/06 07:49:49   Desc Main
Document      Page 2 of 17

> I am also asking that Mr. Morris be ordered to pay the $2,500.00 balance of legal fees that he has already been ordered to pay to Stephanie Weems for legal fees.
>
> I was prepared to present my case on the first day set by the Court. Mr. Morris has repeatedly used stall tactics to keep postponing Court dates. In doing so, he has wasted much of mine and the Court's time and incurred increased costs of myself and tax payers money.
>
> Respectfully,
>
> Penny Morris

Proceeding No. 15 in the main case.

The first issue is whether the letters may be considered as complaints for purposes of determining the dischargeability of certain debts Ms. Morris contends Mr. Morris owes to her.

Rule 8 of the Federal Rules of Civil Procedure, applicable to this matter through Rule 9014 of the Federal Rules of Bankruptcy Procedure, reads in part:

> Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed.R.Civ.P. 8(a)

Rule 8(f) reads, "All pleadings shall be construed as to do substantial justice." Fed.R.Civ.P. 8(f).

Some courts that have considered the issue of whether a document, not written as or styled as a complaint, should be considered a complaint for purposes of satisfying dischargeability requirements, recognize that the purpose of filing the "complaint" is to give the debtor notice that there is an objection to the discharge of the debt and to identify those debts.

In <u>Wood v. Jasperson (In re Jasperson)</u>, 116 B.R. 740 (Bankr. S.D. Cal. 1990) the court wrote:

3

> The purpose of a complaint is to give notice to the adversary of the nature and basis for the claim and the type of litigation involved. <u>Lewis v. Slicing Machine Co.</u>, 311 F.Supp. 139, 140 (W.D.Pa.1970); see, <u>In re Blewett</u>, 14 B.R. 840, 842 (9th Cir. BAP 1981). Bankr.R. 7008 and Bankr.R. 7009 enforce the concept of notice pleading in the bankruptcy courts. Bankr.R. 7008, which incorporates Fed.R.Civ.P. 8, requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

<u>Id</u>. at 743. And:

> It is only necessary that the substance of the initial pleading, and not the form or label, provide notice to the adversary of the nature of the claim. See <u>Blewett</u>, 14 B.R. at 842. In <u>Blewett</u>, an amendment to the original complaint was allowed where the initial pleading, although improperly labeled and clumsily written, put the adversary on notice as to the purpose of the complaint. <u>Id</u>. at 842. In stating the grounds for nondischargeability as §11 U.S.C. 523(a)(2), the complaint was incorrectly phrased as an "objection to discharge" instead of an "exception to discharge." <u>Id</u>. at 841. Regardless of the errors in terminology, the court found that the complaint satisfied the requirements of notice pleading. It gave fair warning to the debtors as to the creditor's intentions to determine the dischargeability of the debt. <u>Id</u>. at 842. "A pleading, according to the liberal concepts of Rule 8, is to be judged by its substance rather than by its form or label." <u>Id</u>. "It would be improper to dismiss a claim which raises a cognizable cause of action where that claim is merely mislabeled, in view of the command of F.R.C.P. 8(f) that, '[a]ll pleadings shall be so construed as to do substantial justice.' " <u>Id</u>. (quoting <u>Voytko v. Ramada Inn of Atlantic City</u>, 445 F.Supp. 315, 325 (D.C.N.J.1978)).

<u>Id</u>. at 744.

In <u>Classic Auto Refinishing, Inc. v. Marino (In re Marino)</u>, 37 F.3d 1354 (9th Cir. 1994), the court wrote:

> The purpose of notice pleading is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Consequently, "all pleadings shall be construed so as to do substantial justice." Id. at 48, 78 S.Ct. at 103 (quoting Fed.R.Civ.P. 8(f)). However, the policy of construing pleadings liberally does not justify the conclusion that any document filed in a court giving some notice of a claim satisfies the requirements of the Federal Rules.

4

Id. at 1357.

In applying the above standards, this Court finds that the letters Ms. Morris filed satisfy those standards and the Court considers them as a complaint and amended complaint for purposes of satisfying dischargeability requirements.

## II. Findings of Fact and Conclusions of Law

The specific debts Ms. Morris contends are not dischargeable are listed in: (1) the parties' Final Judgment of Divorce entered by the Tenth Judicial Circuit Court of Alabama on March 22, 2004, introduced as Plaintiff's Exhibit 3; and (2) the Order on Motion for Pendente Lite Relief entered by the same court on October 3, 2003, introduced as Plaintiff's Exhibit 22.

The individual paragraphs of those documents contain the specific debts Ms. Morris contends are not dischargeable. Whether any of those debts is not dischargeable depends on whether a particular debt is considered in the nature of alimony, maintenance, or support under section 523(a)(5) of the Bankruptcy Code or whether a particular debt is considered part of the parties' property settlement under section 523(a)(15) of the Bankruptcy Code.

If a debt is in the nature of alimony, maintenance, or support, it is not dischargeable. The party objecting to the discharge of debts qualifying as debts in the nature of alimony, maintenance, and support, here Ms. Morris, has the burden of proof.

If a debt is part of the parties' property settlement, it may or may not be dischargeable depending on the parties financial circumstances. Subsection 523(a)(15) makes property settlement obligations nondischargeable where the debtor has the ability to pay them and the detriment to the nondebtor spouse from nonpayment of the debts outweighs the benefit to the debtor of discharging the debts. The debtor has the burden to prove that a property settlement debt under section 523(a)(15) is dischargeable.

The Court has applied these tests to the debts Ms. Morris contends are not dischargeable. Each is identified by the paragraph number of the parties' Final Judgment of Divorce.[1] Corresponding or related debts from the Order on Motion for Pendente Lite Relief are identified in connection with the divorce decree paragraphs.

---

[1] Ms. Morris offered substantial testimony and documentary evidence to support her claims that the debts represented by the parties' divorce decree are owed. In addition, the doctrine of collateral estoppel prevents this Court from relitigating the debtor's liability for the debts represented and the doctrine of res judicata establishes the amounts of those debts. As a consequence, this Court need not make findings of fact in addition to those established by the state court. Therefore, the only issue before this Court is whether the debts are dischargeable in this Chapter 7 case.

5

## A. Paragraph 10

Paragraph 10 of the decree reads:

> That the Defendant is hereby ordered to pay to the Plaintiff the sum of Three Hundred Ten and No/100 Dollars ($310.00) per month for the support and maintenance of the said minor child of the parties, the first payment to be due and payable on April 1, 2004 and subsequent payments to be due and payable on the first day of each month thereafter, until such time as the said minor child shall reach majority, marry, or become self-supporting. The child support is set pursuant to Rule 32 Child Support Guidelines, Rule of Judicial Administration. The Child Support Guideline Forms, Plaintiff's CS-41, Defendant's CS-41 and the CS-42, are filed in this cause.

Plaintiff's Exhibit 3 at 3.[2]

Is this debt in the nature of alimony or support or part of a property settlement? Based on the discussion below, the Court finds that this debt is actually in the nature of alimony, maintenance, or support.[3]

The version of section 523(a)(5) of the Bankruptcy Code applicable when this case was filed reads in part:

> A discharge... [in a Chapter 7 case] does not discharge an individual debtor from any debt –
>
> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order ..., or property settlement agreement, but not to the extent that... (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support....

11 U.S.C. § 523(a)(5).

---

[2] Paragraph 9 from the state court's <u>Order on Motion for Pendente Lite Relief</u> provides for the same debt. That paragraph reads, "The Defendant shall pay to the Plaintiff the sum of $301.13 per month beginning September 2003 for child support for the minor child, pendente lite. No income withholding order shall be entered or served at this time due to the parties agreement for the Defendant to pay the Plaintiff directly for said child support." <u>Id</u>. at 3.

[3] "[A] given domestic obligation is not dischargeable if it is 'actually in the nature of' alimony, maintenance, or support." <u>In re Harrell</u>, 754 F.2d 902, 904 (11th Cir.1985)

6

Writing for the Court of Appeals for the Eleventh Circuit in Cummings v. Cummings, 244 F.3d 1263 (11th Cir. 2001), Circuit Judge Phyllis A. Kravitch explained:

> Whether a given debt is in the nature of support is an issue of federal law. In re Strickland, 90 F.3d 444, 446 (11th Cir.1996). Although federal law controls, state law does "provide guidance in determining whether the obligation should be considered 'support' under § 523(a)(5)." Id. To make this determination a bankruptcy court should undertake "a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the nature of support." In re Harrell, 754 F.2d at 906.

Id. at 1265.

Judge Kravitch adds:

> In conducting this inquiry, a court cannot rely solely on the label used by the parties. As other courts have recognized, " 'it is likely that neither the parties nor the divorce court contemplated the effect of a subsequent bankruptcy when the obligation arose.' " In re Gianakas, 917 F.2d 759, 762 (3d Cir.1990) (citation omitted). The court must therefore look beyond the label to examine whether the debt actually is in the nature of support or alimony. Id. A debt is in the nature of support or alimony if at the time of its creation the parties intended the obligation to function as support or alimony.

Id. (citations omitted). And finally Judge Kravitch explains, "In determining whether a particular obligation is in the nature of support, "[a]ll evidence, direct or circumstantial, which tends to illuminate the parties subjective intent is relevant." In re Brody, 3 F.3d at 38." Id. at 1266.

Applying the standards described above, the Court finds that the debt described in paragraph 10 of the parties' divorce decree is actually in the nature of child support. On several different occasions, Mr. Morris stated that when he filed the pending case, it was not his intent to discharge any child support obligation. The pleadings, the state court's orders, and the evidence produced at trial confirms that intent. In particular, the relationships of the paragraphs in the parties' divorce decree support this conclusion. Therefore, this Court finds, in applying the test described in Cummings, that it was the intent of the parties for this debt to be child support.

Consequently the Court finds that the debt described in paragraph 10 of the parties' divorce decree is <u>not</u> dischargeable in this case.

This Court will leave for the state court to determine, if necessary, the unpaid amount.

## B. Paragraph 12

Paragraph 12 of the decree reads:

> That the Defendant is hereby ordered and directed to pay his current support obligation direct to the Clerk of the Court, plus an Administrative Fee of One Dollar ($1.00) for each payment to the Court, by cashier's check or money order made payable to Anne-Marie Adams, through this Court by delivering same in person or by mail to: Anne-Marie Adams, Clerk of Court, Room 100 Domestic Relations Courts Building, 2124 7th Avenue North, Birmingham, AL 35203.

Plaintiff's Exhibit 3 at 4.

Is this debt in the nature of alimony or support or part of a property settlement? Based on the discussion in regard to Paragraph 10 above, the Court finds that this debt is actually in the nature of child support.

Consequently the Court finds that the debt described in paragraph 12 of the parties' divorce decree is not dischargeable in this case.

One issue remains in regard to the debtor's current child support. Nothwithstanding the debtor's representation that he did not intend for this obligation to be discharged, the question is whether the automatic stay in bankruptcy prevents the state court from enforcing the debtor's post-petition obligation. The answer is, it does not. When the debtor's discharge was entered in this case on September 16, 2005, the stay that arose when this case was filed lifted as to any post-petition and future child support. See section 362(c)(2)(C) of the Bankruptcy Code.

Consequently, whether that support is paid is a matter for the state court to enforce.

## C. Paragraphs 13 and 14

Paragraphs 13 and 14 of the parties' decree provide for medical coverage for their minor child.

Paragraph 13 reads:

> That the Plaintiff shall provide medical insurance coverage for the use and benefit of the minor child of the parties until such time as the said minor child shall reach majority, marry or become self-supporting.

Plaintiff's Exhibit 3 at 4.

8

Paragraph 14 reads:

> That after the Plaintiff has met the first $200.00 medical expenses annually, the Plaintiff and Defendant shall each pay and be responsible for paying one-half (½) of all medical expenses for the minor child of the parties not covered by medical insurance until such time as the said minor child shall reach majority, marry or become self-supporting. Further, the Plaintiff shall supply to the Defendant proof of medical expenses within thirty (30) days after receipted by her and the Defendant shall reimburse his share of said medical expenses to the Plaintiff within thirty (30) days after receipted by him.

Id.[4]

Is this debt in the nature of alimony or support or part of a property settlement? Based on the discussions in regard to Paragraph 10 and Paragraph 12 above, the Court finds that this debt is actually in the nature of child support.

Consequently the Court finds that the debt described in paragraphs 13 and 14 of the parties' divorce decree is not dischargeable in this case.

This Court will leave for the state court to determine, if necessary, the amount of those expenses.

### D.  Paragraph 15

Paragraph 15 of the parties' decree reads:

> That the Defendant shall pay to the Plaintiff the sum of Nineteen Thousand Dollars ($19,000.00), as alimony in gross, payable at the rate of Three Hundred Dollars ($300.00) per month with the first payment being due and payable on May 1, 2004 and subsequent payments being due and payable on the first day of each month thereafter until paid in full.

Plaintiff's Exhibit 3 at 4.

Is this debt in the nature of alimony or support or part of a property settlement? To make that determination, the Court must first answer other questions.

---

[4] Paragraph 10 from the state court's Order on Motion for Pendente Lite Relief provides for the same debt.  That paragraph reads, "The Plaintiff shall provide and maintain medical insurance for the benefit of the minor child.  All non-covered medical or dental expenses not covered by insurance shall be shared equally by the parties.  The Defendant shall make reasonable attempts to get himself covered on medical insurance as soon as possible and provide Plaintiff proof of same." Id. at 3.

9

The first question is, is the alimony ordered periodic alimony or alimony in gross. The difference will determine whether the debt is actually in the nature of alimony or part of the parties' property settlement and that distinction could determine whether the debt is dischargeable.

The Court in In re Stone, 199 B.R. 753 (Bankr. N.D. Ala. 1996) explains:

> Under Alabama law, alimony is awarded as periodic or 'in gross.' Townsend v. Townsend (In re Townsend), 155 B.R. 235 (Bankr. S.D. Ala.1992); Delaine, 56 B.R. at 466. Periodic alimony, which is modifiable, provides for the maintenance and support of a former spouse. Townsend, 155 B.R. at 238; Delaine, 56 B.R. at 466. In contradistinction to periodic alimony, alimony in gross is part of the property settlement. Townsend, 155 B.R. at 238. An award of alimony in gross compensates a former spouse for the present value of marital rights terminated by the divorce. Delaine, 56 B.R. at 466. It is awarded as a lump sum or in fixed installments and is generally certain as to the time and amount of payment. Delaine, 56 B.R. at 466. Unlike periodic alimony, it is a vested right, meaning it is not subject to court modification. Delaine, 56 B.R. at 466. **While periodic alimony which is for support and maintenance is not dischargeable under § 523(a)(5), alimony in gross as a form of property settlement may be dischargeable**. Townsend, 155 B.R. at 238.

Id. at 757 (emphasis added.)

Therefore alimony in Alabama may be periodic or in gross. Which type it is will determine which test should be applied to determine nondischargeability. If the alimony described in the parties' divorce decree is periodic alimony, then section 523(a)(5) applies and the alimony would not be dischargeable under section 523(a)(5). If it is alimony in gross, section 523(a)(15) applies and the alimony may or may not be dischargeable.[5]

As Judge Kravitch explained in Cummings, the label placed on a particular debt is not controlling. However, in this case, that label constitutes most of the evidence available to make this determination. There are no other references to alimony in the divorce decree. The alimony awarded is for a finite amount. It is for a time certain. And there is nothing in the decree to indicate that the award was anything other than part of

---

[5] Ms. Morris' position is that alimony in gross is always not dischargeable. The law is that alimony in gross as a form of property settlement may be dischargeable under section 523(a)(15). And before section 523(a)(15) was added to the Bankruptcy Code, alimony in gross was fully dischargeable. See Townsend v. Townsend (In re Townsend), 155 B.R. 235 (Bankr.S.D.Ala.1992);

10

Case 05-00062-BGC    Doc 29    Filed 03/20/06    Entered 03/20/06 07:49:49    Desc Main
Document      Page 10 of 17

the parties' property settlement. Paragraph 14 in the Order on Motion for Pendente Lite Relief appears to support the conclusion that the decree intended for the "alimony in gross" to be part of the property settlement. It reads, "The Defendant shall pay to the Plaintiff the sum of $300.00 per month [the same monthly payment amount included in the divorce decree] toward the marital debts beginning October 2003." Id. (parenthetical added). That of course indicates the parties' intent that the $19,000 was to help Ms. Morris pay some of the parties' debts and not that it was for her continued maintenance and support. Therefore, based on the available evidence, the Court finds that the "alimony in gross" awarded is not in the nature of alimony but is part of the parties' property settlement.[6]

Because the alimony awarded is part of a property settlement, to determine whether it is dischargeable, this Court must apply the test prescribed by section 523(a)(15) of the Bankruptcy Code. That section provides that a discharge in bankruptcy does not discharge an individual debtor from a debt:

> not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless-
>
> > (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

---

[6] The court in Townsend v. Townsend (In re Townsend), 155 B.R. 235, 238 (Bankr. S.D. Ala.1992) explained:

> Alabama recognizes two forms of alimony payable to a spouse: periodic and in gross. Periodic alimony provides a method for a spouse's maintenance and support while alimony in gross is a form of property settlement paid either in a lump sum or fixed installments of a specific sum. See Mullins v. Mullins, 475 So.2d 578 (Ala.Civ.App.1985); Carnaggio v. Carnaggio, 475 So.2d 861 (Ala.Civ.App.1985). Periodic alimony for the spouse's maintenance and support is nondischargeable in bankruptcy. Alimony in gross, which serves as a property settlement, is fully dischargeable. When determining whether § 523(a)(5) applies to render a debt nondischargeable, a bankruptcy court must do nothing more than determine "whether the support label accurately reflects that the obligation at issue is 'actually in the nature of alimony, maintenance or support.' " In re Harrell, 754 F.2d 902, 906 (11th Cir.1985) (emphasis added).

11

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;

11 U.S.C. § 523(a)(15).

Section 523(a)(15) was added to the Bankruptcy Code to close the dischargeability gap between property settlement debts, which are dischargeable, and alimony and child support debts which are not. See this Court's opinion at In re Anthony, 190 B.R. 433, Bankr. N.D. Ala., Sep 29, 1995.

The Bankruptcy Reform Act of 1994 amended section 523 to add subsection (15) which excepts from discharge debts that would normally qualify for discharge because they are not of the type specified in section 523(a)(5). In an attempt to capture these property settlement debts, Congress created a system where the debts would not be discharged unless a debtor demonstrated either of the two criteria from section 523(a)(15) quoted above, that is (A) the debtor's inability to pay the debt or (B) the benefit to the debtor of a discharge outweighs the detriment to the non-debtor. **The burden is on the debtor to prove the exceptions in subsection (15)**. See this Court's opinion in In re Anthony, 190 B.R. 433 (Bankr. N.D. Ala. 1995). The clear intent of this section is to make the discharge of these debts more difficult for a debtor. Id.

The next question then is: Did the debtor prove either of the two criteria that would allow the alimony debt to be discharged? The answer is, he did not.

While the debtor appeared at the trial in this proceeding, he chose not to participate fully. The debtor was attentive, courteous, and answered the Court's questions when addressed. But, he did not present any evidence and did not argue his cause. He did not object to exhibits and did not respond to any offered by Ms. Morris.

Based on the debtor's failure to satisfy his burden of proving that his debts would qualify for either of the exceptions from section 523(a)(15), the Court must find that any such debt is not dischargeable.[7]

Therefore, the Court must find that the debt identified as "alimony in gross," while part of the parties' property settlement, is not dischargeable.

Consequently the Court finds that the debt described in paragraph 15 of the parties' divorce decree is <u>not</u> dischargeable in this case.

---

[7] It is therefore unnecessary for the Court to discuss either of the section 523(a)(15) exceptions or to compare the parties' financial conditions.

12

This Court will leave for the state court to determine, if necessary, the unpaid amount.

### E. Paragraph 25

Paragraph 25 of the parties' decree reads:

> That the Court finds an arrearage of One Thousand Four Hundred Seven and 91/00 Dollars ($1,407.91) in child support payments due by the Defendant to the Plaintiff as required by Paragraph 9 of the Pendente Lite Relief Order heretofore rendered by the Court on October 3, 2003. The Court heretofore renders a judgment against the Defendant and in favor of the Plaintiff in the said amount, plus accrued interest until satisfied.

Plaintiff's Exhibit 3 at 5.

Is this debt in the nature of alimony or support or part of a property settlement? Based on the discussions in regard to Paragraph 10 and Paragraph 12 above, the Court finds that this debt is actually in the nature of child support.

Consequently the Court finds that the debt described in paragraph 25 of the parties' divorce decree is not dischargeable in this case.

This Court will leave for the state court to determine, if necessary, the unpaid amount.

### F. Paragraph 26

Paragraph 26 of the parties' decree relates to the alimony in gross awarded in paragraph 15. That paragraph reads:

> That the Court finds the Defendant has failed to pay the debts of the marriage in the sum of One Thousand Eighteen [sic] Hundred and No/100 Dollars ($1,800.00) as required by Paragraph 14 of the aforesaid Pendente Lite Relief Order. The Court therefore renders a judgment against the Defendant in favor of the Plaintiff in the said amount, plus accrued interest until satisfied.

Plaintiff's Exhibit 3 at 6.[8]

Is this debt in the nature of alimony or support or part of a property settlement? Based on the discussions above in regard to paragraph 15, the Court finds that this

---

[8] Again, paragraph 14 from the state court's Order on Motion for Pendente Lite Relief relates to the same debt. That paragraph reads, "The Defendant shall pay to the Plaintiff the sum of $300.00 per month toward the marital debts beginning October 2003." Id.

13

debt, while part of the parties' property settlement, is not dischargeable because the debtor did not prove otherwise.

Consequently the Court finds that the debt described in paragraph 26 of the parties' divorce decree is <u>not</u> dischargeable in this case.

This Court will leave for the state court to determine, if necessary, the unpaid amount.

### G.  Paragraph 27

Paragraph 25 of the parties' decree reads:

> That the Court finds the Defendant has failed to pay the private schools expenses for the minor child in the sum of One Thousand One Hundred Forty and No/100 Dollars ($1,140.00) as required by Paragraph 15 of the aforesaid Pendente Lite Relief Order.  The Court therefore renders a judgment against the Defendant in favor of the Plaintiff in the said amount, plus accrued interest until satisfied.

Plaintiff's Exhibit 3 at 6.[9]

Is this debt in the nature of alimony or support or part of a property settlement? Based on the discussions in regard to <u>Paragraph 10</u> and <u>Paragraph 12</u> above, the Court finds that this debt is actually in the nature of child support.  But even if it were not dischargeable as a section 523(a)(5) debt because it was not in the nature of child support, the debtor did not prove that if it were part of a property settlement that it would be discharged under section 523(a)(15).[10]

Consequently the Court finds that the debt described in paragraph 27 of the parties' divorce decree is <u>not</u> dischargeable in this case.

This Court will leave for the state court to determine, if necessary, the unpaid amount.

---

[9] Paragraph 15. from the state court's <u>Order on Motion for Pendente Lite Relief</u> relates to the same debt.  That paragraph reads, "Each party shall pay one half of the private school tuition for the minor child.  Defendant shall reimburse Plaintiff said expenses upon tender of receipts of other proof of payment.  Said reimbursement by Defendant shall be made within thirty (30) days of receipt thereof." <u>Id</u>.

[10] Payments for "private school" may or may not be dischargeable depending on the parties' intent.  See <u>In re Fritz</u>, 227 B.R. 700 (Bankr. S.D. Ind. 1997) (holding as dischargeable under section 523(a)(5) and <u>In re Motley</u>, 69 B.R. 406 (Bankr. N.D. Ohio 1987) (holding not dischargeable as under section 523(a)(5)).

14

### H. Paragraph 28

Paragraph 28 of the parties' decree reads:

> That the Court finds the Defendant has failed to pay the non-covered medical expenses for the minor child in the sum of One Thousand Seventy-three and 27/100 Dollars $1,073.27) as required by Paragraph 10 of the aforesaid Pendente Lite Relief Order. The Court therefore renders a judgment against the Defendant in favor of the Plaintiff in the said amount, plus accrued interest until satisfied.

Plaintiff's Exhibit 3 at 6.

Is this debt in the nature of alimony or support or part of a property settlement? Based on the discussions in regard to Paragraph 10 and Paragraph 12 above, the Court finds that this debt is actually in the nature of child support.

Consequently the Court finds that the debt described in paragraph 28 of the parties' divorce decree is not dischargeable in this case.

This Court will leave for the state court to determine, if necessary, the amount of those expenses.

### I. Paragraph 29

Paragraph 29 of the parties' decree reads:

> That the Defendant is directed to repay to the Plaintiff the personal loan made by the Plaintiff to the Defendant in the amount of Three Thousand Dollars ($3,000.00). The Court therefore renders a judgment against the Defendant in favor of the Plaintiff in the said amount, plus accrued interest until satisfied.

Plaintiff's Exhibit 3 at 6.

Is this debt in the nature of alimony or support or part of a property settlement? Based on the evidence and the discussion in regard to Paragraph 15 above, there is nothing to indicate that this amount was anything other than part of the parties' property settlement and would therefore, be dischargeable if found to be within either of the exceptions provided for in section 523(a)(15). But again, because the debtor did not prove, or even attempt to prove, that either exception applies, the Court must find that this debt is not discharged.

Consequently the Court finds that the debt described in paragraph 29 of the parties' divorce decree is not dischargeable in this case.

This Court will leave for the state court to determine, if necessary, the unpaid amount of that loan.

### J.  Paragraph 30

Paragraph 30 of the parties' decree reads:

That the Defendant shall pay to the Plaintiff the sum of Two Thousand Five Hundred Dollars ($2,500.00) with which to pay her attorney of record, Stephanie Weems for professional services rendered in this action.  This amount does not necessarily reflect the total value of said services but merely reflects the amount the Defendant shall be obligated to pay.  Said sum shall be paid directly to Stephanie Lanier Weems at P. O. Box 94308, Birmingham, Alabama 35220-4308.

Plaintiff's Exhibit 3 at 6.

Is this debt in the nature of alimony or support or part of a property settlement? Based on the discussions in regard to Paragraph 10 and Paragraph 12 above, and the discussion below, the Court finds that this debt is actually in the nature of alimony or support.

The majority rule is that, "that an award of attorneys' fees in a final decree of divorce is nondischargeable as alimony, maintenance, or support under 11 U.S.C. § 523(a)(5) where the decree contains an award of child support, alimony, or a combination thereof."  Matter of Lanting, 198 B.R. 817, 821 (Bankr. N.D. Ala. 1996).

As discussed above, this decree contains several awards of child support.  Like those awards, the attorney fees associated with those awards therefore should be nondischargeable.

Consequently the Court finds that the debt described in paragraph 30 of the parties' divorce decree is not dischargeable in this case.

This Court will leave for the state court to determine, if necessary, the unpaid amount of those fees.

### III.  Conclusions

Based on the above, the Court finds that all of the debts identified in the parties' Final Judgment of Divorce entered by the Tenth Judicial Circuit Court of Alabama on March 22, 2004, are excepted from discharge in this Chapter 7 case.  Those debts were either: (1) in the nature of alimony or support under section 523(a)(5) of the Bankruptcy Code; or (2) the debts were part of the parties' property settlement and no evidence was introduced to prove that the debts should be excepted under section 523(a)(15).

Judgment therefore should be entered in favor of the plaintiff and against the defendant. This Court will leave for the state court to determine the amount owed.

A separate order will be entered contemporaneously with this Memorandum Opinion.

Dated: March 17, 2006                                    /s/Benjamin Cohen
                                                         BENJAMIN COHEN
                                                         United States Bankruptcy Judge